UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRENCE MOORE,

    Plaintiff,

v.

MOHAN KARLKARNI, DAVID
WILLIAMS, JAMES E. HEISEL,
WASEEM WLLAH,
KATHERINE McCORMACK,
DANIEL SMITH, AMBER
KOON, EMILY PREVO,
ANDREW A. NACKASHI, DAN
SMITH, E. COE HILL, KATIE
LNU, and CORIZON HEALTH

    Defendants.
_____/

Case No. 1:18-cv-12280
District Judge Thomas L. Ludington
Magistrate Judge Anthony P. Patti

## ORDER GRANTING AS UNOPPOSED DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY (DE 76)

This matter is before the Court for consideration of the motion by Defendants Mohan Kulkarni, Katherine McCormack, Daniel Smith, Amber Koon, Emily Prevo, and Andrew A. Nackashi to stay discovery pending the Court's ruling on the pending motion to dismiss. (DE 76.) Plaintiff filed a concurrence with Defendants' motion. (DE 78.) For the reasons that follow, the moving Defendants' motion is **GRANTED.**

**I.    Background**

Plaintiff Terrence Moore, a state inmate who is proceeding without the assistance of counsel, filed this action on July 20, 2018, along with an application to proceed *in forma pauperis*, naming as Defendants Mohan Karlkarni, David Williams, James E. Heisel, Waseem Wllah, Katherine McCormack, Daniel Smith, Amber Koon, Emily Prevo, Andrew A. Nackashi, Dan Smith, E. Coe Hill, Katie LNU, and Corizon Health. (DEs 1, 2.) The Court granted Plaintiff's application on July 31, 2018, and ordered the U.S. Marshals Service to serve the appropriate papers on Defendants without prepayment of costs. (DEs 3, 6.)

Defendants Corizon Health and E. Coe Hill filed a motion to dismiss on September 12, 2018. (DE 14.) Defendants Nackashi, Smith, Prevo, Koon, Kulkarni, Smith and McCormack filed a motion to dismiss in lieu of an answer on October 11, 2018 (DE 48), and Defendants Williams, Heisel and Ullah filed a motion to dismiss in lieu of an answer on November 9, 2018 (DE 75). The waiver of service for Defendant "Katie LNU" was returned unexecuted on September 21, 2018 (DE 18), and she has not yet been served.

## II. The Instant Motion

On November 12, 2018, Defendants Kulkarni, McCormack, Smith, Koon, Prevo, and Nackashi filed the instant motion for protective order staying discovery until the motion to dismiss is resolved. (DE 76.) In the motion, Defendants note that Plaintiff has served on all parties a document entitled "MOTION FOR

2

INTERROGATORIES TO DEFENDANT PARTY" under a proof of service of "1st Set of Interrogatories" dated October 25, 2018. (*Id.* at 2.) The moving Defendants argue that because their motion to dismiss challenges the legal sufficiency of the Plaintiff's pleadings, no discovery is necessary or relevant to a decision on the motion, and that the interests of efficiency and economy would best be served by staying discovery until the motion to dismiss is decided. (*Id.* at 7-8.) Defendants further explained that they had forwarded a copy of this motion and brief to Plaintiff in advance of filing it, requesting concurrence. (*Id.*) Plaintiff filed a "concur[rence] with Defendants['] counsel request" on November 9, 2018, stating that he is "in agreement with Defendants['] counsel request to await disposition of the dismissal motion resolution" and that "he ask[s] that [his] 1st set of interrogatories be answered in [] accordance to [the] request." (DE 78.)

### III. Analysis

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. North Am. Co.,* 299 U.S. 248, 254–55 (1936)). "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Building Laborers Local 310 Fringe Benefits Fund,* 349 F.3d 300, 304 (6th Cir. 2003) (citing *Muzquiz v. W.A. Foote*

*Memorial Hosp., Inc.,* 70 F.3d 422, 430 (6th Cir. 1995)). Unless it is shown that the plaintiff would suffer substantial prejudice from a stay of discovery, a trial court's decision to stay discovery will not be disturbed. *Cochran v. United Parcel Serv., Inc.,* 137 F. App'x 768, 772 (6th Cir. 2005).

The moving Defendants seek a stay of discovery pending the Court's ruling on their pending motion to dismiss. (DE 76.) Plaintiff concurs with this request. (DE 78.) All Defendants (with the exception of "Katie LNU," who has not yet been served) have filed motions to dismiss, which have been fully briefed. The Court has reviewed Defendants' motion and Plaintiff's concurrence and agrees that a stay would be appropriate in this matter until resolution of the pending motions to dismiss.

Accordingly, Defendants' motion for protective order staying discovery (DE 76) is **GRANTED**. All discovery in this action shall be stayed pending the Court's resolution of the pending motions to dismiss. A scheduling order will be entered, if necessary, after the Court's disposition of the pending motions to dismiss.

**IT IS SO ORDERED.**

Dated: March 7, 2019  s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

## **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on March 7, 2019, electronically and/or by U.S. Mail.

                                          s/Michael Williams
                                          Case Manager for the
                                          Honorable Anthony P. Patti