UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRENCE MOORE,

    Plaintiff,

v.

MOHAN KARLKARNI, DAVID
WILLIAMS, JAMES E. HEISEL,
WASEEM WLLAH,
KATHERINE McCORMACK,
DANIEL SMITH, AMBER
KOON, EMILY PREVO,
ANDREW A. NACKASHI, DAN
SMITH, E. COE HILL, KATIE
LNU, and CORIZON HEALTH

    Defendants.
_____/

Case No. 1:18-cv-12280
District Judge Thomas L. Ludington
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DE 73)

This matter is before the Court for consideration of Plaintiff Terrence Moore's motion for appointment of counsel. (DE 73.) For the reasons that follow, Plaintiff's motion is **DENIED WITHOUT PREJUDICE.**

### I.    Background

Plaintiff Terrence Moore, a state inmate who is proceeding without the assistance of counsel, filed this action on July 20, 2018, along with an application to proceed *in forma pauperis*, naming as Defendants Mohan Karlkarni, David

Williams, James E. Heisel, Waseem Wllah,[1] Katherine McCormack, Daniel Smith, Amber Koon, Emily Prevo, Andrew A. Nackashi, Dan Smith, E. Coe Hill, Katie LNU, and Corizon Health. (DEs 1, 2.) The Court granted Plaintiff's application on July 31, 2018, and ordered the U.S. Marshals Service to serve the appropriate papers on Defendants without prepayment of costs. (DEs 3, 6.) All Defendants, except Defendant Katie LNU, have been served.

Plaintiff filed this motion for appointment of counsel on November 1, 2018. (DE 73.) In his motion, he asks the Court to appoint an attorney in this civil matter because of his lack of money and legal experience, his limited access to the law library, and the likely conflicting testimony in this matter. (*Id.*) This matter has been referred to me for all pretrial proceedings. (DE 8.)

## II. Analysis

As a preliminary matter, although Plaintiff styles his motion as one for appointment of counsel, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court ***may request*** an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's

---

[1] The case caption lists Waseem Wllah as a defendant. However, the waiver of service for this defendant indicates that the correct name is Waseem Ullah, M.D. (DE 33.)

2

case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to **recruit counsel** under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel…. The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004).[2] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should

---

[2] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

3

consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

Applying the foregoing authority, Plaintiff has not described circumstances sufficiently exceptional to justify a request for recruitment of counsel. First, he contends that he "is unable to afford counsel," that his imprisonment has "greatly limited his ability to litigate upon the schedule of the law library time due to population increases in size," and that "this case will likely involve conflicting testimony and counsel would better enable Plaintiff to present evidence and cross examine witnesses." (DE 73.) Such factors would apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute exceptional circumstances. Most non-lawyers have only limited knowledge of the law. And nearly all cases involve conflicting testimony between the respective litigants. Further, the claims in Plaintiff's complaint to not appear to be particularly complex and are ably described by Plaintiff. Moreover, Plaintiff's Complaint illustrates his ability to articulate his claims and adequately communicate his requests to the Court in a coherent manner, and even the instant motion is clear in outlining his reasons for requesting the appointment of counsel. (DEs 1, 73.)

4

Finally, there is no indication that Plaintiff will be deprived of his physical liberty over and above his current sentence, if he loses this civil case.

Accordingly, at this time, Plaintiff's motion to appoint counsel (DE 73) is **DENIED WITHOUT PREJUDICE.** Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**

Dated:  March 8, 2019
s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on March 8, 2019, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti