UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRENCE MOORE,

    Plaintiff,

v.

MOHAN KULKARNI, DAVID
WILLIAMSON, JAMES E.
HEISEL, WASEEM ULLAH,
KATHERINE McCORMACK,
DANIEL SMITH, AMBER
KOON, EMILY PREVO,
ANDREW A. NACKASHI, DAN
SMITH, E. COE HILL, KATIE
LNU, and CORIZON HEALTH

    Defendants.

_____/

Case No. 1:18-cv-12280
District Judge Thomas L. Ludington
Magistrate Judge Anthony P. Patti

**<u>ORDER (1) DENYING PLAINTIFF'S MOTIONS FOR DEFAULT
JUDGMENT (DEs 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59), (2) DIRECTING
THE CLERK TO CORRECT THE CASE CAPTION[1], AND (3)
DIRECTING PLAINTIFF TO PROVIDE INFORMATION REGARDING
DEFENDANT KATIE LNU AND FOR SERVICE BY THE USMS</u>**

---

[1] The case caption lists Waseem Wllah, David Williams and Mohan Karlkarni as defendants. However, the respective waivers of service for these defendants indicates that the correct names for these defendants are Waseem Ullah, M.D., David Williamson, M.D., and Mohan Kulkarni. (DEs 33, 34, 41.) **The Clerk is directed to correct the case caption to reflect the proper names for these defendants**.

This matter is before the Court for consideration of Plaintiff Terrence Moore's motions for default judgment. (DEs 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59.) For the reasons that follow, Plaintiff's motions are **DENIED.**

I. **Background**

Plaintiff Terrence Moore, a state inmate who is proceeding without the assistance of counsel, filed this action on July 20, 2018, along with an application to proceed *in forma pauperis*, naming as Defendants Mohan Kulkarni, David Williamson, James E. Heisel, Waseem Ullah, Katherine McCormack, Daniel Smith, Amber Koon, Emily Prevo, Andrew A. Nackashi, Dan Smith, E. Coe Hill, Katie LNU, and Corizon Health. (DEs 1, 2.) The Court granted Plaintiff's application on July 31, 2018, and ordered the U.S. Marshals Service (USMS) to serve the appropriate papers on Defendants without prepayment of costs. (DEs 3, 6.)

On September 21, 2018, the waiver of service for Defendant Katie LNU was returned unexecuted, with a notation that "a review of our records reveals no medical doctor with the first name "Katie" or "Katherine" who was involved in the plaintiff's care" and that the waiver was "being returned as a[n] 'endeavor' as there is no record of her name." (DE 18.) On October 5, 2018, executed waivers of service were returned for Defendants Williamson, Heisel and Ullah, members of Jackson Radiology Consultants, P.C., with an answer due for these three

Defendants on November 16, 2018. (DEs 32, 33, 34.) Executed waivers were also returned for Defendants Nackashi, Smith, Prevo, Koon, Kulkarni, Smith and McCormack that same date, with an answer due for these Defendants on November 13, 2018. (DEs 37, 38, 39, 40, 41, 42, 43.) Defendants Nackashi, Smith, Prevo, Koon, Kulkarni, Smith and McCormack filed a motion to dismiss in lieu of an answer on October 11, 2018 (DE 48), and Defendants Williamson, Heisel and Ullah filed a motion to dismiss in lieu of an answer on November 9, 2018 (DE 75).

## II. Plaintiff's Motions for Default Judgment

Plaintiff filed the instant form motions for default judgment and brief in support on October 12, 2018, against Defendants Williamson, Heisel, Ullah, Nackashi, Smith, Prevo, Koon, Kulkarni, McCormack, Smith and Katie LNU asserting, incorrectly, as to each defendant that "[a] default has been entered against" them and requesting that the Court grant his motions for default judgment. (DEs 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61.) Defendants Nackashi, Smith, Prevo, Koon, Kulkarni, Smith and McCormack filed a joint response to Plaintiff's motions for default judgment on October 17, 2018 (DE 64), and Defendants Williamson, Heisel and Ullah filed a joint response on October 23, 2018 (DE 70). Defendant Katie LNU still has not been served.

## III. Analysis

1. **Standard**

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thereafter, when plaintiff's claim is not for a sum certain or sum that can be made certain by computation, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000). In *Vongrabe v. Sprint PCS*, 312 F.Supp.2d 1313, 1318 (S.D. Cal. 2004), the court explained:

> The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment.

*See also Ramada Franchise Sys. Inc. v. Baroda Enters., LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) ("Entry of a default ... is a prerequisite to entry of a default judgment under Rule 55(b).").

2. **Plaintiff is Not Entitled to a Default Judgment against Any of the Defendants**

A default judgment would be improper against these Defendants for a number of reasons. First, as shown above, Defendants Williamson, Heisel, Ullah, Nackashi, Smith, Prevo, Koon, Kulkarni and McCormack have waived service, appeared, and timely responded to Plaintiff's complaint through their respective motions to dismiss. (DEs 48, 75.) Thus, they have not "failed to plead or otherwise defend" as required by Rule 55(a) and Plaintiff is not entitled to default against them.

Second, Defendant Katie LNU has not been served with Plaintiff's Complaint at this time and therefore no answer is required as to her and a request for default or default judgment is premature. *See* Fed. R. Civ. P. 4; *see also Dunbar v. Heyns*, No. 15-11573, 2017 WL 6030039, at *1 (E.D. Mich. Oct. 6, 2017) ("Defendant Rozen has not been served, so a request for default or default judgment is premature."), *report and recommendation adopted*, 2017 WL 6026080 (E.D. Mich. Dec. 5, 2017).

Third, Plaintiff filed this action *in forma pauperis* under the Prisoner Litigation Reform Act ("PLRA"), which provides in relevant part as follows:

**(g) Waiver of reply**

**(1)** Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the

> complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> **(2)** The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. § 1997e(g). As such, even when a defendant is served, under the circumstances presented here, it is only required to file an answer if the Court so orders. And the Court has not so ordered in this case.

Finally, even if the above did not require denial of Plaintiff's motions, he has failed to follow Federal Rule of Civil Procedure 55, which requires the proponent of a motion for default judgment to first obtain a clerk's entry of default. Fed. R. Civ. P. 55(a). *See Ramada Franchise Sys.*, 220 F.R.D. at 305 ("Entry of a default ... is a prerequisite to entry of a default judgment under Rule 55(b)"). No entry of default has been requested in this matter, nor would any default have been warranted.

Accordingly, for all these reasons, Plaintiff's motions for default judgment (DEs 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59) are **DENIED**.

## IV. Defendants Katie LNU's Address

As explained above, the service documents for Defendant "Katie LNU" were returned unexecuted, with a notation that "a review of our records reveals no medical doctor with the first name 'Katie' or 'Katherine' who was involved in the [P]laintiff's care" and that the waiver was "being returned as a[n] 'endeavor' as

6

there is no record of her name." (DE 18.) The Court questions whether "Katie LNU" could be the same person as Defendant Katherine McCormack, who has been served and answered Plaintiff's complaint. Plaintiff is **ORDERED** to file a Notice: (1) informing the Court whether "Katie LNU" is the same person as Defendant "Katherine McComack;" and, if not (2) providing the Court with more specifically identifying information and an address for Defendant "Katie LNU" so that service can again be attempted. Plaintiff is to provide the information to the Court in writing **ON OR BEFORE March 28, 2019**. Thereafter, if necessary, the USMS **SHALL** re-attempt service of the summons and complaint upon this Defendant at the address provided by Plaintiff. Failure to identify this defendant with enough particularity to achieve service, will result in a recommendation that the case against her should be dismissed.

**IT IS SO ORDERED.**

Dated: March 8, 2019                        s/*Anthony P. Patti*
                                            Anthony P. Patti
                                            UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on March 8, 2019, electronically and/or by U.S. Mail.

                                            s/Michael Williams
                                            Case Manager for the
                                            Honorable Anthony P. Patti

7