UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRENCE MOORE,

       Plaintiff,

v.

                           Case No. 1:18-cv-12280
                           District Judge Thomas L. Ludington

MOHAN KULKARNI, DAVID
WILLIAMSON, JAMES E.
HEISEL, WASEEM ULLAH,
KATHERINE McCORMACK,
DANIEL SMITH, AMBER
KOON, EMILY PREVO,
ANDREW A. NACKASHI, DAN
SMITH, E. COE HILL, KATIE
LNU, and CORIZON HEALTH

       Defendants.
_____/

                           Magistrate Judge Anthony P. Patti

**(1) REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTIONS TO DISMISS (DEs 14, 48, 75), (2) ORDER DENYING
PLAINTIFF'S CONSTRUED MOTION TO AMEND COMPLAINT (DE 20),
(3) ORDER GRANTING IN PART THE CORIZON DEFENDANTS'
MOTION TO STRIKE (DE 72), (4) ORDER GRANTING PLAINTIFF'S
CONSTRUED MOTION TO DISMISS DEFENDANT KATIE LNU (DE 89),
AND ORDER DIRECTING THE CLERK OF THE COURT TO STRIKE
DEs 24, 25, 26, 28, 29, 30 AND 83 AS UNAUTHORIZED AND REDUNDANT**

**I.**    **RECOMMENDATION:**  The Court should grant Defendants' motions to

dismiss (DEs 14, 48, 75).

## II.  REPORT

### A.  Background

Plaintiff Terrence Moore is a state prisoner currently incarcerated at the Lakeland Correctional Facility (LCF) in Coldwater, Michigan.  *See* www.michigan.gov/corrections, "Offender Search."  Plaintiff, who is proceeding *pro se*, brings this lawsuit under 42 U.S.C. § 1983, based on alleged substandard medical care.  (DE 1.)  He names 13 defendants, all medical providers allegedly involved in his treatment on or around December 11 through December 14, 2017: Mohan Kulkarni, David Williamson, James E. Heisel, Waseem Ullah, Katherine McCormack, Daniel Smith, Amber Koon, Emily Prevo, Andrew A. Nackashi, Dan Smith, E. Coe Hill, Katie LNU, and Corizon Health.  (*Id.*)  He sues all defendants in their individual and official capacities.  (*Id.*)

Plaintiff claims that the events giving rise to his claims arose at Henry Ford Allegiance Hospital in Jackson, Michigan.  (DE 1 at 9.)  He alleges generally that Defendants failed to remove a tumor from his lung.  According to his Complaint:

> Plaintiff presents in preoperative area in chest [sic] for an elective left thoracoscopy with possible left upper lobe resection.[1]  On 12-11-17

---

[1] "Thoracoscopy is the visual examination of the lung surfaces and pleural space through a viewing tube (a thoracoscope). Thoracoscopy can also be used for certain surgical procedures. When it is used for surgery, the procedure is often referred to as video-assisted thoracoscopic surgery (VATS)." https://www.merckmanuals.com/home/lung-and-airway-disorders/diagnosis-of-lung-disorders/thoracoscopy.

> Plaintiff was prepped for surgery for a left lung lobe resection attempt
> but yet failed due to adhesions surrounding the area for a safe passage
> to complete the surgical removing of Plaintiff [sic] upper left lobe
> (Surgery was abandoned although Plaintiff consented for the removal
> because of severe pain).  Plaintiff is still suffering today without hopes
> of the removal of the mass thats [sic] in his chest (no biopsy was
> concluded to determine its origin or magnitude of a terminal illness
> thats [sic] become dependant [sic] upon pain medication to have a
> somewhat normal day … his diagnosis has been misdiagnose[d] by
> Dr.'s of Allegiance and State actors of M.D.O.C. …

(DE 1 at 10.)  Plaintiff does not specify how or to what extent each Defendant was
involved in the facts alleged.  Plaintiff instead generally alleges that these actions
demonstrate a deliberate indifference to his health issues in violation of the Eighth
Amendment to the United States Constitution, and also support a claim for medical
malpractice pursuant to MCL 600.2912a.  (*Id.* at 7-8.)  Plaintiff claims he is
suffering ongoing pain due to the failure to complete the surgical removal of the
mass in his left lung and that he has to rely on pain medication "to cope."  (*Id.* at
11.)  He seeks punitive damages in the amount of $5,000,000.00 from each
defendant, for a total of $65,000,000.  (*Id.*)

### B.     Defendants' Motions to Dismiss

Defendants filed three separate motions to dismiss.

### 1.     The Corizon Defendants' motion to dismiss

On September 12, 2018, Defendants Corizon Health, Inc. and E'Coe Hill
(the "Corizon Defendants") filed a motion to dismiss, arguing that Plaintiff's
medical malpractice claim fails as a matter of law because Plaintiff failed to give

notice of his intent to sue and failed to file an affidavit of merit to support his Complaint, as required by Michigan statutes governing medical malpractice cases. MCL §§ 600.2912b and 600.2912d. (DE 14 at 10.)  They further argue that Plaintiff's Complaint contains only "bare assertions of legal conclusions" and his "personal opinions to support his claim[s,]" and thus fails to state a claim for medical malpractice or deliberate indifference under the Eighth Amendment. (*Id.* at 10-11.)

Plaintiff filed a response on September 24, 2018. (DE 19.)[2]  Plaintiff asserts that he has sufficiently pleaded claims for deliberate indifference and medical malpractice because "the complaint alleges that Plaintiff was denied the removal of the tumor in his left chest area 12/11/2017 and that the responsible prison authorities were indifferent to the Plaintiff['s] medical needs, and that as a result of that indifference he has been mistreated and his condition worsened since the surgical abandonment." (*Id.* at 4.)

The Corizon Defendants filed a reply brief on September 28, 2018, arguing that Plaintiff's response fails to refute their arguments. (DE 22 at 1.)

---

[2] Plaintiff also filed duplicate responses on September 25, 2018 and October 2, 2018. (DEs 24, 28.)  The Corizon Defendants have filed a motion to strike these duplicate responses (DE 72), which is addressed *infra*.  As discussed throughout this report and recommendation, Plaintiff routinely files duplicate copies of documents in this case.

## 2.   The Healthcare Provider Defendants' motion to dismiss

On October 11, 2018, Defendants Kulkarni, McCormack, Smith,[3] Koon,

Prevo and Nackashi (the "Healthcare Provider Defendants") filed a motion to

dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (DE 48.)  Like the Corizon

Defendants, the Healthcare Provider Defendants argue that Plaintiff fails to state a

claim for deliberate indifference in violation of the Eighth Amendment and fails to

comply with the requirements for stating a medical malpractice claim in Michigan.

(*Id.* at 13-18, 20-21.)  In addition, they argue that they are entitled to qualified

immunity.  (*Id.* at 18-20.)

Plaintiff filed two identical "response" briefs on November 26, 2018 and

December 3, 2018 that appear to be intended to be a response to the Healthcare

Provider Defendants' motion.  (DEs 81, 83.)[4]  For the most part, the "response"

briefs appear to be copied from a different case altogether and consist of objections

to a report and recommendation in that other case.  (*See, e.g.,* DE 81 at 10 ("The

court will commit a palpable error in adopting the report and recommendation of

---

[3] It appears that Plaintiff has, perhaps, mistakenly named Dr. Daniel Smith, a doctor at Henry Ford Allegiance Hospital, twice in his Complaint, as both "Dan Smith" and "Daniel Smith." (*See* DE 1.)

[4] Both responses include as an attachment a copy of the Court's order requiring a response to the Healthcare Provider Defendants' motion to dismiss at DE 48.  (DE 81 at 23; DE 83 at 43.)    The latter of these (DE 83) is **STRICKEN** as unauthorized and redundant.

the magistrate [judge] Granting an [sic] dismissal…."); *id.* at 13 ("Plaintiff received medical treatment for ailment he did not have.  Thus the court reasoning would also be futile for adopting the ill fated [sic] (R&R)…."); *id.* at 14 ("The (R&R) and the courts [sic] adopting of same runs counter to sixth circuit precedent.").)  Plaintiff also contends, with respect to his medical malpractice claim, that because he is confined as a prisoner and he is indigent, he submitted an "affidavit of fact instead of Affidavit of merit"[5] and that he gave the required "notice of intent to sue" by stating to the doctors *before the surgery* "that [he] ha[s] a lawyer in [his] family is [sic] something was to go wrong."  (*Id.* at 18-19.)

The Healthcare Provider Defendants filed a reply brief on December 28, 2018, in which they correctly note that large portions of Plaintiff's response brief are inapplicable to the case at issue and instead appear to reference a nonexistent report and recommendation and opinion.  (DE 85.)  They also argue that Plaintiff

---

[5] Plaintiff's response does not attach or more specifically identify the "affidavit of fact" he claims he submitted in lieu of an "affidavit of merit."  The Court notes that Plaintiff filed duplicate copies of a document titled "Plaintiff's Affidavit of Additional Facts" on September 27 and October 2, 2018, that address his medical care.  (DEs 21, 30). If those documents are the "affidavit of fact" discussed in the response brief, they fail to satisfy the requirements for an "Affidavit of Merit" pursuant to the medical malpractice statute, which must be "signed by a health professional who … meets the requirements for an expert witness under section 2169."  *See* MCL § 600.2912d(1).  In any event, the latter of these two affidavits (DE 30) is **STRICKEN** as unauthorized and redundant.

effectively concedes in his response that he has not provided the required notice or affidavit of merit to proceed with his medical malpractice claim.  (*Id.*)[6]

### 3.    The Physician Defendants' motion to dismiss

On November 9, 2018, Defendants Heisel, Ullah and Williamson (the "Physician Defendants") filed a motion to dismiss.  (DE 75.)  Like the other defendants, the Physician Defendants argue that Plaintiff fails to state a claim for deliberate indifference in violation of the Eighth Amendment and fails to comply with the requirements to state a medical malpractice claim in Michigan.  (*Id.* at 12-18.)

Plaintiff filed a response on December 13, 2018 that is identical to his responses to the Healthcare Provider Defendants' motion discussed above, except that it includes as an attachment a copy of the Court's order requiring a response to the motion to dismiss at DE 75.  (DE 84 at 23.)

---

[6] On October 30, 2018, the Healthcare Provider Defendants also filed a "reply" to two response briefs filed by Plaintiff on September 24, 2018 (DE 19) and October 17, 2018 (DE 65).  (DE 71.)  However, neither of those "response briefs" were filed by Plaintiff in response to the Healthcare Provider Defendants' motion to dismiss.  In fact, one of those "response briefs" (DE 19) *predates* the Healthcare Provider Defendants' October 11, 2018 motion to dismiss and was filed by Plaintiff in response to the *Corizon Defendants'* motion to dismiss, discussed above.  The second "response brief" (DE 65) addresses a proposed conspiracy claim that is not contained in Plaintiff's Complaint nor addressed in the Healthcare Provider Defendants' motion to dismiss.  As discussed more fully *infra*, the Court will treat the Healthcare Provider Defendants' brief at DE 71 solely as a response to Plaintiff's construed motion to amend the complaint to add a conspiracy claim.

**C.      Additional Pending Motions**

    **1.      Plaintiff's "supplementation of a conspiracy to interfere with civil rights under provisions of 42 USC § 1983, 1985" (DE 20)**

        **a.      Plaintiff's motion**

Plaintiff filed a "supplementation of a conspiracy to interfere with civil rights under provisions 42 U.S.C. § 1983, 1985 with affidavit in support" on September 24, 2018, which the Court construes as a motion to amend the Complaint to add a conspiracy claim.  (DE 20.)[7]  He attaches an "affidavit of 'facts'" in which he alleges that "[a]ll Defendants had direct and indirect participation in the surgical procedure that took place December 11, 2017" and that "[a]ll Defendants conspired [with] the procedure during and after the 12/11/2017 surgical abandonment agreed on a course of conduct that violated statute and constitution alleged in complaint."  (*Id.* at 5, ¶¶ 25, 26.)

        **b.      The Corizon Defendants' response and Plaintiff's "reply"**

The Corizon Defendants responded to Plaintiff's motion and argue that the proposed allegations are insufficient to state a claim for conspiracy because: (1) Plaintiff has not sufficiently pleaded a constitutional violation; (2) his claims are

---

[7] Plaintiff also filed two additional identical "supplementations" (DEs 25, 26, 29.) These documents are **STRICKEN** as unauthorized and redundant.

based upon nothing more than a conclusory allegation regarding parallel conduct, which is insufficient; (3) his claims fail under the intra-corporate conspiracy doctrine; and, (4) he failed to allege "class-based, invidiously discriminatory animus." (DE 22 at 1-2.)

On October 17, 2018, Plaintiff filed a document titled "2nd Response to Motion to Dismiss," which appears to be (and will be treated as) a reply to the Corizon Defendants' response to his motion to supplement, and argues that he has sufficiently alleged a claim of conspiracy. (DE 65.)

### c.   The Healthcare Provider Defendants' "response" and Plaintiff's "reply"

The Healthcare Provider Defendants similarly argue in their October 30, 2018 response (incorrectly titled "reply brief" (discussed above at footnote 6)) that Plaintiff's purported claim of conspiracy for violating his Civil Rights under 42 U.S.C. § 1985 fails to state a claim as a matter of law. (DE 71 at 5-7.)

Plaintiff filed a document titled "third response to motion to dismiss" on November 9, 2018, which will be treated as a reply to DE 71, and which contends that he has sufficiently alleged a claim for conspiracy. (DE 77.)

### 2.   The Corizon Defendants' motion to strike Plaintiff's second response(s) to their motion to dismiss (DE 72)

On October 31, 2018, the Corizon Defendants filed a motion to strike Plaintiff's second responses to their motion to dismiss. (DE 72.) The Corizon

9

Defendants argue that Plaintiff filed a total of four responses to their motion to dismiss, at DEs 19, 24, 28 and 65, and thus seek to strike DEs 24, 28 and 65 because Plaintiff did not seek permission to file additional response briefs and the Court did not require additional briefing. (*Id.*)

Plaintiff filed a seeming response to this motion in a document titled "affidavit of fact answering three different attorney's," in which he concedes that DE 28 is a duplicate of DE 24 and entered by "mistake," but that DE 65 was filed in reply to the Corizon Defendants' response to Plaintiff's motion to supplement the Complaint and assert a conspiracy claim. (DEs 79, 80.)

### 3.   Plaintiff's motion to dismiss Katie LNU (DE 89)

On March 8, 2019, the Court entered an order for Plaintiff to file a "Notice: (1) informing the Court whether 'Katie LNU' is the same person as Defendant 'Katherine McComack;' and, if not (2) providing the Court with more specifically identifying information and an address for Defendant 'Katie LNU' so that service can again be attempted." (DE 88.)  On March 21, 2019, Plaintiff filed a notice to dismiss Katie LNU as a defendant, stating that "there's a great possibility that it could be [Defendant] (Katherine McCormack)." (DE 89.)  The Court will construe this as a motion to dismiss Defendant Katie LNU as a party pursuant to Fed. R. Civ. P. 21.

## D.    Standard

### 1.    Fed. R. Civ. P. 12

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

## 2.    *Pro se* complaints

The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him.  Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).[8]

## E.    Analysis of Defendants' Motions to Dismiss

Plaintiff's Complaint asserts two claims against all Defendants, in their individual and official capacities: (1) deliberate indifference to his serious medical needs in violation of the Eighth Amendment; and (2) medical malpractice pursuant to MCL 600.2912a.  (DE 1.)  Defendants argue that Plaintiff's claims should be

---

[8] *See also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  (DEs 12, 48, 75.)  For the reasons that follow, I agree.

### 1.    Eighth Amendment claim

#### a.    Individual capacity claims

Prisoners have a constitutional right, under the Eighth Amendment, to medical care.  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  "The Eighth Amendment 'forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward his serious medical needs.'" *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (quoting *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle*, 429 U.S. at 104)).  In *Jones*, the Sixth Circuit summarized the elements of an Eighth Amendment "deliberate indifference" claim as follows:

> A Section 1983 claim asserting "a constitutional violation for denial of medical care has objective and subjective components." *Id.* The objective component requires the existence of a "sufficiently serious" medical need. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994) (citation omitted). Such a medical need has been defined as one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (citations omitted). The subjective element requires "an inmate to show that prison officials have 'a sufficiently culpable state of mind in denying medical care.' " *Blackmore*, 390 F.3d at 895 (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000)). Officials have a sufficiently culpable state of mind where officials act with "deliberate indifference" to a serious medical need. *Farmer*, 511 U.S. at 834, 114 S. Ct. 1970 (citations omitted). The Supreme Court has defined "deliberate indifference" as being more

13

than mere negligence but less than acting with purpose or knowledge. *Id.* at 835, 114 S. Ct. 1970. Instead, the prison official must have acted with a state of mind similar to recklessness. *Id.* at 836, 114 S. Ct. 1970. Thus, to prove the required level of culpability, a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk. *Id.* at 837, 114 S. Ct. 1970; *see also Cooper v. County of Washtenaw*, 222 Fed. Appx. 459, 466 (6th Cir. 2007); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994).

*Jones*, 625 F.3d at 941 (brackets omitted).

The Court will assume for purposes of this report and recommendation that Plaintiff has alleged the existence of a "sufficiently serious" medical need for purposes of the Eighth Amendment. The issue is whether Plaintiff has stated a claim that Defendants were deliberately indifferent to that serious medical need.

The Sixth Circuit has instructed that "[w]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* "Of course, in some cases the medical attention rendered may be so woefully inadequate as to amount to no treatment at all." *Id.*; *see also White v. Corr. Med. Serv., Inc.*, 94 F. App'x 262, 264 (6th Cir. 2004) ("Although White did not receive the care he wanted, the

14

conduct he alleged did not constitute a deliberate indifference to his medical needs.").

Under the above standards, Plaintiff's Complaint does not state a claim for medical mistreatment in violation of his Eighth Amendment rights. While I do not minimize Plaintiff's condition or complaints of pain, construing the allegations in his Complaint in his favor, he does not present sufficient factual allegations from which the Court could draw warranted inferences that Defendants were deliberately indifferent to his serious medical needs. *See Farmer*, 511 U.S. at 837. Rather, Plaintiff alleges that: (1) Defendants "failed to provide the [him] the recognized standard of acceptable professional practice or care in the community in which the defendants practices [sic]" (i.e., a claim of negligence/medical malpractice); (2) Defendants "abandoned" his "surgery for a left lung resection attempt" "due to adhesions surrounding the area for a safe passage to complete the surgical removing of [his] upper left lobe [of his lung]" and "no biopsy was concluded" "although [he] consented for the removal because of severe pain" (i.e., a disagreement with Defendants' medical judgment/course of treatment); and, (3) "his diagnosis has been misdiagnosed by Dr.'s of Allegiance and State actors of M.D.O.C." (i.e., a claim of misdiagnosis). (DE 1 at 10.) The Sixth Circuit "has consistently held that damage claims … arising from violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant

did to violate the asserted constitutional right." *Lanman v. Hinson,* 529 F.3d 673,

684 (6th Cir.2008) (emphasis in original, citation omitted). This is because a

plaintiff must allege the personal involvement of *each* defendant, and must allege

facts showing that *each* defendant participated in, condoned, encouraged, or

knowingly acquiesced in alleged misconduct to establish liability. *See Grinter v.*

*Knight*, 532 F.3d 567, 575 (6th Cir. 2008). Plaintiff fails to allege with any

particularity how each defendant was involved in the allegations in the Complaint,

much less "what each defendant did to violate the asserted constitutional right."

*See id.*

Moreover, it is well settled that "a complaint that a physician has been

negligent in diagnosing or treating a medical condition does not state a valid claim

of medical mistreatment under the Eighth Amendment. Medical malpractice does

not become a constitutional violation merely because the victim is a prisoner."

*Estelle*, 429 U.S. at 106; *see also Comstock v. McCrary*, 273 F.3d 693, 703 (6th

Cir. 2001) ("[A] plaintiff alleging deliberate indifference must show more than

negligence or the misdiagnosis of an ailment."); *Clemmons v. Bohannon*, 956 F.2d

1523, 1529 (10th Cir. 1992) ("[T]he Eighth Amendment does not apply to claims

based on inadvertent failure to provide adequate care, negligent misdiagnosis, or an

inmate's difference of opinion with medical personnel regarding diagnosis or

treatment."). Plaintiff himself alleges that Defendants made a medical decision

16

during his procedure not to continue with the left lung resection "due to adhesions surrounding the area." (DE 1 at 10.) This suggests that there was a valid or at least plausible medical reason for discontinuing the procedure. And it does not suggest a lack of treatment or deliberate indifference; rather, it points to a medical or physiological complication beyond the physicians' control. While Plaintiff may disagree with Defendants' medical judgment and course of treatment and desire to have treatment contrary to that judgment, such disagreement does not rise to the level of a federal constitutional claim. *See Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003) ("A plaintiff's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim."); *Woodberry v. Simmons*, 146 F. App'x 976, 977 (10th Cir. 2005) ("[A] difference of opinion between a prisoner and the prison medical staff about medical treatment does not constitute deliberate indifference."). Because Plaintiff received medical attention, and his dispute is over the adequacy of that treatment, the Court will not second-guess medical judgments or constitutionalize these state tort claims. Abandoning a surgical procedure which is already underway due to a medical or physiological complication can hardly be deemed "deliberate indifference" and is a far cry from being "so woefully inadequate as to amount to no treatment at all." *See, e.g., Westlake*, 537 F.2d at 860 n.5.

17

Therefore, accepting all the Complaint's factual allegations as true, and construing the Complaint in the light most favorable to Plaintiff, the Court determines that Plaintiff cannot show that Defendants were deliberately indifferent to his serious medical needs, and thus cannot state a claim for violation of the Eighth Amendment.

### b.    Official capacity claims

Plaintiff also fails to state a claim against Defendants in their official capacities.  The Healthcare Provider Defendants argue that Plaintiff has failed to allege that Defendants "had any policy or custom that was the moving force behind any purported deprivation of right." (DE 48 at 13.)

It is well-settled that a corporation like Corizon or an agent sued in his official capacity cannot be held liable under § 1983 under the theory of *respondeat superior* or vicarious liability.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Street v. Corrections Corp. of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1996) (*Monell's* bar to *respondeat superior* liability applies to private corporations such as Corizon that are performing services as an agent of the State and are therefore deemed to be state actors for purposes of § 1983).  Rather, to state a claim of deliberate indifference against Corizon or the individual defendants in their official capacities, Plaintiff must plead a claim of a <u>specific</u> policy, practice, or custom of that "directly caused [him to suffer] a deprivation of federal rights."

*Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (quoting *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 415 (1997)); *see also Hodges v. Corizon,* No. 14-11837, 2015 WL 1511153, at \*4 (E.D. Mich. Mar. 30, 2015) ("[T]o state a § 1983 '*Monell*' claim against Corizon, [Plaintiff] must identify a *specific* policy of Corizon's that 'directly caused [him to suffer] a deprivation of federal rights.'") (emphasis added); *Jane v. Patterson*, No. 1:16 CV 2195, 2017 WL 1345242, at \*6 (N.D. Ohio Apr. 12, 2017) ("For Plaintiff to present a viable *Monell* claim, he must identify a *specific* policy or custom that was the moving force behind Plaintiff's alleged constitutional violation.") (emphasis added, citations omitted).   "An allegation, stated in a conclusory manner, that a governmental entity had a policy which caused an injury is insufficient where a specific policy or custom is not identified."  *Jane*, 2017 WL 1345242, at \*6 (finding that "[a] conclusory allegation that the City had a policy of deliberate indifference to the criminal conduct by its agents is insufficient to state a *Monell* claim").

Plaintiff's Complaint fails to identify any such specific policy, practice or custom.  And his "supplementation of a conspiracy to interfere with civil rights" filing, discussed *infra*, only vaguely references "all policies, customs and procedures" and then only in the context of "not heed[ing] the warnings for surgical procedures" without identifying any specific policy which deprived him of

19

constitutional rights.  (DE 20 at 3.)  Thus, in the absence of any allegations

connecting the alleged inadequate medical care for Plaintiff to a specific policy,

practice or custom of Defendants, Defendants are entitled to dismissal of Plaintiff's

§ 1983 claim against them in their official capacities.

Further, state officials sued in their official capacity for money damages, are

not "person[s]" subject to suit under § 1983.  *See Will v. Mich. Dep't of State*

*Police,* 491 U.S. 58, 71 (1989); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th

Cir.1994).  In addition, official-capacity claims for damages against state officials

are barred by the Eleventh Amendment to the United States Constitution. *Will,* 491

U.S. at 71; *Kentucky v. Graham,* 473 U.S. 159, 169 (1985) ("This [Eleventh

Amendment] bar remains in effect when State officials are sued for damages in

their official capacity.").  Plaintiff only seeks money damages here.  (DE 1 at 11.)

Accordingly, the official-capacity claims for damages should be dismissed for

failure to state a claim and for seeking monetary relief from Defendants who are

immune from such relief

### 2.    Medical malpractice claim

Defendants argue that Plaintiff's medical malpractice claim fails because he

did not comply with the medical malpractice tort reform requirements under

Michigan law.  Specifically, they allege that he failed to give notice of his intent to

sue and failed to file an affidavit of merit to support his complaint, as required by

MCL §§ 600.2912b and 600.2912d.  (DEs 14 at 10; 48 at 20-21; 75 at 15-18.)

A claim for medical malpractice in Michigan is "subject to the procedural

and substantive requirements that govern" such actions.  *Bryant v. Oakpointe Villa*

*Nursing Ctr.*, 471 Mich. 411, 422 (2004).  Under Michigan law, a medical

malpractice lawsuit shall not be commenced unless the healthcare provider is first

served with a notice of intent to file a claim at least 182 days before the action is

commenced.  MCL § 600.2912b.  "[I]t is Plaintiff's burden to establish compliance

with § 2912b[.]"  *Roberts v. Mecosta Cty. Gen. Hosp.*, 470 Mich. 679, 691, 684

N.W.2d 711 (2004).  Further, a plaintiff who brings a medical malpractice claim

must include with his complaint an affidavit of merit signed by a health

professional, attesting to the defendant's failure to meet the standard of patient

care.  MCL § 600.2912d.

In deciding a state-law claim in federal court, the Court applies state law for

substantive issues and federal law for procedural ones.  *Erie R.R. Co. v. Tompkins*,

304 U.S. 64 (1938).  The federal district courts in Michigan appear to be split on

whether Michigan's medical malpractice statutory requirements (including the

notice of intent to sue and affidavit of merit) are substantive or procedural in

nature, and thus whether a state law claim can be dismissed in federal court for

failure to comply with those requirements.[9]  *Compare, e.g., Milkiewicz v. Genesee Cty.*, No. 17-cv-13047, 2019 WL 1757526, at *5-6 (E.D. Mich. Apr. 19, 2019) (Borman, J.) (applying notice and affidavit of merit requirements to dismiss claim, without discussing substantive versus procedural issue); *Bajorek-Delater v. United States*, No. 17-10570, 2019 WL 1429341, at 2 & n. 2 (E.D. Mich. Mar. 29, 2019) (Cohn, J.) (stating that "[a]ny reference to Michigan's medical malpractice requirements as "procedures' should not be construed as an indication that the Court views these state laws as 'procedural' rather than 'substantive' under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), and its progeny" and holding that "[f]ailure to satisfy these requirements is grounds for dismissal"); *Edkins v. United States*, No. 1:17-cv-142, 2018 WL 1545709, at *6 (W.D. Mich. Mar. 1, 2018) ("The provisions of Michigan tort law governing malpractice cases are a matter of substantive law binding on the federal courts under *Erie*[.]"), *report and recommendation adopted*, 2018 WL 1536352 (W.D. Mich. Mar. 29, 2018); *Johnson v. Williams*, No. 15-13856, 2017 WL 4236548, at *15 (E.D. Mich. Sept.

---

[9] A substantive state law is a law that "gives rise to 'state-created rights and obligations' or is otherwise 'bound up with these rights and obligations in such a way that its application to federal court is required.'"  *Shropshire v. Laidlaw Transit, Inc.*, 550 F.3d 570, 574 (6th Cir. 2008) (quoting *Byrd v. Blue Ridge Rural Elec. Co-op.*, 356 U.S. 525, 535 (1958)).  A state law is substantive if it would "significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in State court."  *Daniel v. United States*, 716 F.Supp.2d 694, 697 (N.D. Ohio 2010) (citing *Hanna v. Plumer*, 380 U.S. 460, 466 (1965)).

25, 2017) (Tarnow, J.) (dismissing plaintiff's claims for failure to comply with MCL §§ 600.2912b and 600.2912d, finding that "the medical malpractice filing requirements are substantive" and that a finding that they are procedural "would be outcome determinative," and "would encourage forum shopping, and lead to inequitable administration of law"); *Jones v. Corr. Med. Servs.*, 845 F.Supp.2d 824, 844-46 (W.D. Mich. 2012) (Maloney, J.) (holding Michigan's requirements for filing a medical malpractice claim are substantive and apply in federal court); *with Stojcevski v. Cty. of Macomb*, 143 F.Supp.3d 675, 693 (E.D. Mich. 2015) (Parker, J.) (holding that Michigan's requirements for malpractice claims are procedural requirements that do not apply in federal court); *Long v. Adams*, 411 F.Supp.2d 701, 705 (E.D. Mich. 2006) (Lawson, J.) (affidavit of merit is procedural and not applicable in federal court).

However, I need not resolve this dispute here.[10]  *See Colen v. Corizon Med. Servs.*, No. 14-cv-12948, 2018 WL 1477664, at *18 (E.D. Mich. Mar. 27, 2018) (recognizing the split in the federal district courts on this issue and "declin[ing] to weigh in on whether the affidavit of merit rule is procedural or substantive and simply declin[ing] to exercise jurisdiction over, and therefore declin[ing] to

---

[10] Although I note, that if the medical malpractice requirements are deemed substantive, Plaintiff's malpractice claim should be dismissed for failure to comply with the requirements of a notice of intent to sue and an affidavit of merit, MCL §§ 600.2912b and 600.2912d.

address, the merits of Plaintiff's state law claims, including those which sound in medical malpractice") (citing *Hall v. Holmes*, No. 12-10316, 2012 WL 3842475, at *6 (E.D. Mich. Aug. 17, 2012) (Michelson, M.J.) (same), *report and recommendation adopted*, 2012 WL 3842571 (E.D. Mich. Sept. 5, 2012)).  Instead, because I recommend dismissing Plaintiff's Eighth Amendment claims as to all Defendants, Plaintiff has no remaining federal law claims, the parties lack complete diversity of citizenship (*see* DE 1 at 2-6), and I therefore recommend that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claim for medical malpractice under 28 U.S.C. §§ 1332, 1367(c)(3).  *See Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.").

Therefore, I recommend that Defendants' motions to dismiss (DEs 14, 48, 75) be **GRANTED**, Plaintiff's Eighth Amendment claim should be **DISMISSED WITH PREJUDICE**, and the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claim for medical malpractice under 28 U.S.C. § 1367(c)(3).

24

### F.     Order on Non-dispositive Motions

### 1.     Plaintiff's "supplementation of a conspiracy" claim (DE 20) is construed as a motion to amend the complaint and is DENIED

On September 24, 2018, Plaintiff filed a "supplementation of a conspiracy to interfere with civil rights under provision 42 U.S.C. § 1983, 1985 with affidavit in support." (DE 20.)[11]  Plaintiff moves to "supplement" his Complaint "pursuant to Fed. R. Civ. P. 15(d)" to add a claim of conspiracy pursuant to 42 U.S.C. §§ 1983 and 1985(2). (*Id.*)  Plaintiff alleges that CT scans were performed on his chest on July 10, 2017, August 20, 2017 and December 1, 2017, that he had an "open thoracotomy" on December 11, 2017, that Defendants conferred regarding the procedures performed, and that the "[r]isks, benefits and alternatives were discussed between all named defendants[.]" (*Id.* at 1-3.)

First, Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened *after the date of the pleading* to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added).  Thus, the plain language of the rule indicates that "supplemental pleadings, not amended pleadings, are intended to cover matters occurring *after* the original complaint was filed."

---

[11] Plaintiff filed identical documents on September 25 and October 2, 2018. (DEs 25, 26, 29.)  As noted in footnote 7, these documents are **STRICKEN** as unauthorized and redundant.

*Murphy v. Grenier*, No. 07-CV-15248-DT, 2009 WL 1044832 at *19 (E.D. Mich.

Apr. 20, 2009) (emphasis added, citations omitted).  On the other hand, amended

pleadings relate to matters that occurred prior to the filing of the original complaint

and entirely replace the earlier pleading.  Fed. R. Civ. P. 15(a); E.D. Mich. LR

15.1.  Plaintiff's proposed conspiracy claim is based solely on the same events as

alleged in his Complaint, all occurring between July and December 2017, well

*before* the original Complaint was filed on July 20, 2018.  (See DE 1; DE 20 at 1-

2.)  Thus, recognizing Plaintiff's *pro se* status, the Court will construe this filing as

a motion to *amend* Plaintiff's Complaint pursuant to Fed. R. Civ. P. 15(a) to add a

claim for conspiracy under 42 U.S.C. §§ 1983 and 1985(2), rather than a motion to

supplement pursuant to Rule 15(d).

Under Federal Rule of Civil Procedure 15(a), a party may amend its

pleadings at this stage of the proceedings only after obtaining leave of court.  The

Rule provides that the Court should freely give leave for a party to amend its

pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Nevertheless, leave

to amend 'should be denied if the amendment is brought in bad faith, for dilatory

purposes, results in undue delay or prejudice to the opposing party, or would be

futile.'"  *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir.

2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).  Further,

under the Local Rules, "[a] party who moves to amend a pleading shall attach the

proposed amended pleading to that motion … must, except by leave of court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference." E.D. Mich. LR 15.1. Plaintiff failed to do so.

Defendants argue that amendment would be futile because Plaintiff's proposed amendment fails to state a claim for conspiracy. (DEs 22 at 1-2; 71 at 5-6.) I agree.

With respect to § 1985, although Plaintiff appears to be seeking to state a claim only pursuant to subsection (2) (DE 20 at 2), he has not alleged any facts that would state a claim under any of the three subsections of that statute. Section 1985(1), which prohibits conspiracies to interfere with federal officers in the performance of their duties, and the first clause of § 1985(2), which prohibits conspiracies to influence parties, witnesses, or jurors in federal court proceedings, are not applicable to this case. 42 U.S.C. § 1985(1)-(2); *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006). Both the second clause of § 1985(2), which prohibits conspiracies to interfere with due process in state courts with the intent to deprive persons of their equal protection rights, and § 1985(3), which prohibits conspiracies to deprive persons of their equal protection rights, require an allegation of racial, or otherwise class-based, invidiously discriminatory animus. 42 U.S.C. § 1985(2)-(3); *Fox*, 173 F. App'x at 376. Plaintiff's proposed conspiracy claim does not contain any allegations of racial or class-based

discriminatory animus. Accordingly, Plaintiff's complaint fails to state a claim for the violation of any subsection of § 1985.

A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007). "The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff." *Alexander v. Salmi*, No. 2:16-cv-96, 2017 WL 950951, at *2 (W.D. Mich. Feb. 13, 2017), *report and recommendation adopted*, 2017 WL 915393 (W.D. Mich. Mar. 8, 2017). Whether proceeding under § 1983 or § 1985, Plaintiff must plead a conspiracy with particularity and show some evidence of coordinated actions between the alleged conspirators. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 (2007) (allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999). Conclusory or vague accusations that do not describe some "meeting of the minds" cannot state a claim for relief under 42 U.S.C. §§ 1983 or 1985. *See Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) ("It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by

28

material facts will not be sufficient to state such a claim under § 1983.") (citation omitted); *Gutierrez v. Lynch*, 826 F.2d 1534, 1539-40 (6th Cir. 1987) (dismissing conspiracy claim where "complaint merely alleged broad conclusory negligence language void of the factual allegations necessary to support a conspiracy theory.") (citing *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984).

Plaintiff's proposed conspiracy claim does not provide any allegations establishing a link between the alleged conspirators or any agreement between them in furtherance of a plan to deprive Plaintiff of his constitutional rights—in other words, only conclusory and vague allegations wholly insufficient to satisfactorily plead a § 1983 or § 1985 claim. *See Alexander*, 2017 WL 950951 at *3 (dismissing § 1983 conspiracy claim because plaintiff's allegations "describ[ing] a number of discrete facts that occurred over a period of time involving numerous individual officers" but "provid[ing] no allegations establishing a link between the alleged coconspirators or any agreement between them" are "conclusory and speculative").  To the contrary, Plaintiff merely alleges that his medical providers did what any prudent medical professional would do: they conferred regarding the procedure performed and "[r]isks, benefits and alternatives were discussed … in detail…" (DE 20 at 3.)  Rather than communicating so as to plan a *deprivation* of Plaintiff's constitutional rights, they allegedly sought to carefully plan his medical care.

Plaintiff also fails to present any material facts in support of a "single plan" or a "general conspiratorial objective." *See Sadler v. Michigan Dept. of Corr.*, No. 09-11375, 2011 WL 2462028, at *9 (E.D. Mich. Apr. 21, 2011) (dismissing conspiracy claim because plaintiff's allegations are at best tenuous and thus conclusory and insufficient to establish a meeting of the minds). Therefore, Plaintiff's conspiracy claims, whether pleaded under 42 U.S.C. § 1985(2) or § 1983, would be futile and his motion to amend his complaint to assert those claims is **DENIED**.

> ### 2. The Corizon Defendants' motion to strike Plaintiff's second response(s) to their motion to dismiss (DE 72) is GRANTED IN PART AND DENIED IN PART

On October 31, 2018, the Corizon Defendants filed a motion to strike Plaintiff's duplicate responses to their motion to dismiss. (DE 72.) Defendants argue that Plaintiff filed a total of four responses to their motion to dismiss, at DEs 19, 24, 28 and 65, and thus seek to strike DEs 24, 28 and 65 because Plaintiff did not seek permission to file additional response briefs and the Court did not require additional briefing. (DE 72.)

Plaintiff filed a document titled "affidavit of fact answering three different attorney's," in which he concedes that DE 28 is a duplicate of DE 24 and entered by "mistake." (DEs 79, 80.) He asserts, however, that DE 65 was filed in reply to the Corizon Defendants' response to his motion to supplement the complaint and

assert a conspiracy claim.  (*Id.*)  A review of that document reveals that it does appear to be in support of Plaintiff's motion to amend the complaint.

Accordingly, the Corizon Defendants' motion to strike (DE 72) is **GRANTED IN PART** as to DEs 24 and 28, because those documents are duplicates of DE 19, and DEs 24 and 28 are **STRICKEN**.  But the motion is **DENIED IN PART** as to DE 65, which is not a duplicate of DE 19, but instead appears to be a reply in support of Plaintiff's motion to "supplement"/amend discussed above.

### 3.    Plaintiff's motion to dismiss Katie LNU (DE 89)

Defendant Katie (last name unknown or "LNU") has not been served in this case.  On March 8, 2019, the Court entered an order for Plaintiff to file a "Notice: (1) informing the Court whether 'Katie LNU' is the same person as Defendant 'Katherine McComack;' and, if not (2) providing the Court with more specifically identifying information and an address for Defendant 'Katie LNU' so that service can again be attempted."  (DE 88.)  On March 21, 2019, Plaintiff filed a notice to dismiss Katie LNU as a defendant, stating that "there's a great possibility that it could be [Defendant] (Katherine McCormack)."  (DE 89.)  The Court construes this as a motion to dismiss or sever Defendant Katie LNU pursuant to Fed. R. Civ. P. 21.  Defendants have not filed a response to this request.

Fed. R. Civ. P. 21 provides, in relevant part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572-73 (2004) ("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time[.]'"); *see also Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) ("we think that [Rule 21] is the one under which any action to eliminate" a single defendant should be taken). This rule applies where "no relief is demanded from one or more of the parties joined as defendants." *Letherer v. Alger Grp., LLC*, 328 F.3d 262, 267 (6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008). In exercising its discretion under Rule 21, the Court must consider prejudice to the nonmoving party. *See Arnold v. Heyns*, No. 13-14137, 2015 WL 1131767, at *4 (E.D. Mich. Mar. 11, 2015) (explaining that "the question is whether the defendant would suffer 'plain legal prejudice' as a result of the dismissal").

Plaintiff seeks to dismiss Defendant Katie LNU "because there's a great possibility that it could be" Defendant Katherine McCormack, who has already been served and who has appeared in this matter. (DE 89.) The Court finds that, based upon Plaintiff's representations, the considerations of fundamental fairness and judicial economy, and lack of prejudice to Defendants (as Defendant

32

McCormack has been served and appeared and Defendants have not responded or

otherwise opposed this motion), that Defendant Katie LNU should be dismissed.

Accordingly, Plaintiff's motion to dismiss Defendant Katie LNU is **GRANTED**.[12]

### G.    Conclusion

For the reasons set forth above, it is **RECOMMENDED** that Defendants'

motions to dismiss (DEs 14, 48, 75) should be **GRANTED**, Plaintiff's Eighth

Amendment claim should be **DISMISSED WITH PREJUDICE**, and the Court

---

[12] Pursuant to 28 U.S.C. § 636(b)(1)(A), a United States Magistrate Judge is empowered to "hear and determine any pretrial matter pending before the court," subject to eight specifically delineated exceptions.  *See* 28 U.S.C. § 636(b)(1)(A). The only motions that a magistrate judge is statutorily precluded from determining are: (1) motions for injunctive relief; (2) motions for judgment on the pleadings; (3) motions for summary judgment; (4) motions to dismiss or quash an indictment or information made by a defendant; (5) motions to suppress evidence in a criminal case; (6) motions to dismiss or permit maintenance of a class action; (7) motions to dismiss for failure to state a claim upon which relief can be granted; and (8) motions to involuntarily dismiss an action (pursuant to Rule 41).  *Id.*; *see also* E.D. Mich. LR 7.1(e)(1)(A) (listing dispositive motions).  Because Plaintiff's unopposed motion to voluntarily dismiss Katie LNU, pursuant to Rule 21, is not enumerated as an exception in 28 U.S.C. § 636(b)(1)(A), and involves a non-dispositive matter which does not put an end to the proceedings before the Court, an opinion and order is effective.  *See Nucorp, Inc. v. Does*, No. 2:11-CV-15222, 2012 WL 12961115, at *4 n.1 (E.D. Mich. Oct. 18, 2012) ("There is no questions that a magistrate judge has jurisdiction to hear and determine both a motion to quash a subpoena and a motion to sever misjoined defendants.") (citations omitted).  However, to the extent the parties disagree, they may treat the Court's order on this motion as a report and recommendation and file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and Local Rule 72.1(d).

decline to exercise supplemental jurisdiction over Plaintiff's state-law claim for medical malpractice under 28 U.S.C. § 1367(c)(3).

Further, it is **ORDERED** that Plaintiff's construed motion to amend the complaint (DE 20) is **DENIED**, Defendants' motion to strike Plaintiff's duplicate responses to their motion to dismiss (DE 72) is **GRANTED IN PART AND DENIED IN PART**, Plaintiff's construed motion to dismiss Defendant Katie LNU (DE 89) is **GRANTED**, and the Clerk of the Court is **DIRECTED** to **STRIKE** DEs 24, 25, 26, 28, 29, 30 and 83 as unauthorized and/or redundant.

Acceptance of all of these recommendations, in conjunction with my Orders, would bring this case to a close.

## III.   PROCEDURE ON OBJECTIONS

### A.   Objections to a Report and Recommendation

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931

F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

### B. Objections to an Order

Fed. R. Civ. P. 72(a) provides a period of fourteen (14) days from the date of receipt of a copy of this Order within which to file objections for consideration by the District Judge under 28 U.S.C. § 636(b)(1). Any objection must specifically designate the Order or part in question and basis for any objection. Responses to objections are due fourteen days after objections are filed. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

Dated:  May 31, 2019                         s/*Anthony P. Patti*
                                             Anthony P. Patti
                                             UNITED STATES MAGISTRATE JUDGE