UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRENCE MOORE,

      Plaintiff,                           Case No. 18-cv-12280
                                           Honorable Thomas L. Ludington

v.

MOHAN KARLKARNI, et al.,

      Defendants.
_____/

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTIONS TO DISMISS, AND DISMISSING COMPLAINT

Plaintiff is a state prisoner currently incarcerated at the Lakeland Correctional Facility (LCF) in Coldwater, Michigan. Plaintiff, who is proceeding pro se, brings this lawsuit under 42 U.S.C. § 1983, based on alleged substandard medical care. ECF No. 1. He names 13 defendants, all medical providers allegedly involved in his treatment on or around December 11 through December 14, 2017: Mohan Kulkarni, David Williamson, James E. Heisel, Waseem Ullah, Katherine McCormack, Daniel Smith, Amber Koon, Emily Prevo, Andrew A. Nackashi, Dan Smith, E. Coe Hill, Katie LNU, and Corizon Health. *Id.* He sues all defendants in their individual and official capacities. *Id.* Plaintiff claims that the events giving rise to his claims occurred at Henry Ford Allegiance Hospital in Jackson, Michigan. *Id.* He alleges generally that Defendants failed to remove a tumor from his lung during a procedure on December 11, 2017. His complaint asserts two counts: 1) deliberate indifference in violation of the Eighth Amendment, and 2) medical malpractice pursuant to MCL 600.2912a.

# I.

Pre-trial matters were referred to Magistrate Judge Anthony Patti. ECF No. 8. No party objects to Judge Patti's detailed factual and procedural summary, which can be found in Judge Patti's thirty-six-page report and recommendation, ECF No. 91. In his report and recommendation, Judge Patti recommended granting Defendants' motions to dismiss, dismissing Plaintiff's Eighth Amendment claim with prejudice, and dismissing Plaintiff's state law medical malpractice claim without prejudice for lack of jurisdiction.

Judge Patti concluded that Plaintiff's individual capacity Eighth Amendment claims are subject to dismissal because Plaintiff did not allege sufficient facts from which the Court could draw an inference that Defendants were deliberately indifferent to Plaintiff's serious medical needs. Judge Patti explained that Plaintiff alleged not that he was denied medical care outright but that his medical care was insufficient. Judge Patti explained that Plaintiff's complaint alleged nothing more than medical negligence, including Plaintiff's disagreement with the doctors' professional judgment and his allegation of a misdiagnoses. *Id.* at 15. Judge Patti further explained that medical negligence does not rise to the level of deliberate indifference under the Eighth Amendment. Finally, Judge Patti explained that Plaintiff did not allege the personal involvement of each defendant but merely alleged conduct of the Defendants' generally.

With respect to Plaintiff's official capacity claim under the Eighth Amendment, Judge Patti explained that Plaintiff did not allege the existence of a pattern or practice. *Id.* at 18. Judge Patti recommended dismissing the Eighth Amendment claim with prejudice and dismissing Plaintiff's state law medical malpractice claim without prejudice for lack of jurisdiction.

## II.

### A.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation within 14 days after being served a copy of the recommendation. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy. *Id.* Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co*., 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections,

"[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*

## B.

Plaintiff filed his objections on June 13, 2019. ECF No. 94. In his first objection, Plaintiff argues that he "can prove without a doubt that Plaintiff has a serious medical need and that defendant's acts were deliberately indifferent if he knows of a substantial risk to an inmate health yet recklessly disregards the risk by failing to take reasonable measures to abate it." This is nonresponsive to Judge Patti's analysis of the sufficiency of the allegations in Plaintiff's complaint. The objection will be overruled.

Plaintiff's second objection is perhaps easier to quote in full than to paraphrase:

> The recommendation that this claim of an eight amendment violation of cruel and unusual punishment and mis-diagnosis be dismissed is in error and contrary to the rulings by the sixth circuit. Indeed the responses at all three steps had sufficient information afford both prison officials and defendants that he was being denied medical treatment by the three different diagnosis given by both defendants. Neither of which cured the pain and suffering, or assisted Plaintiff in the results of the cat scans that warned the doctors or defendants before Dec. 11 2017 not to have open surgery. The replies were basis the same at all three steps with a merit based denial for the claims of deliberate indifference to the serious medical need. All three steps addressed the claims embedded in the grievance process including all three replys and different diagnosis and the inadequate treatment by the different doctors and the different medication as to be told different things of where the pain is coming from. Therefore the R&R on these claims should be rejected in light of the ruling from the Sixth Circuit in *Reed Bey v. Pramstaller*, 603 F.3d. 322 (6th Cir. 2010) where the court opined:
>
> "Enforcing internal prison rules even when prison officials do not and even when they proceed to address a grievance on the merits takes woodford one step forward which is to far. It would do more than ensure that prison officials get the first shot at correcting or correcting their own mistake: it would give merit based grievance denial underserved insulation from merit-based juridical review under this approach. We would never review, for example, whether the department of corrections properly concluded the Plaintiff allegations of unconstitutional treatment lack merit. The defendant would dismiss any subsequent grievance related to the 2017 medical care as untimely because the

only have seven business days after an incident to file a grievance. Although exhaustion is not the case, the Court didn't get to review the grievance process neither the Plaintiff evidence to rebut the defendant's dismissal. The court then would dismiss any future 42 USC 1983 suit related to his 2017 medical treatment would be contrary to Sixth Circuit precedent see 42 USC 8 1997 e(2), 603 F3 at 326 Id.

There's a dispute over adequate treatment by the prison officials and the defendants at Henry Ford Hospital although plaintiff consented to the removal of the tumor based mass in his chest. Only later to find out the cat scans warned doctors before hand not to conduct the pre-operative surgery on the (Plaintiff) putting the in more pain than he was (Plaintiff) is still suffering today . . . . . . The (R&R) on this claim must be rejected and the claims against Defendants should go forward (R&R) PG14.2¶1

Objection to PG. 15¶1
Objection to PG 16
Objection to PG 17
Objection to PG 18
Objection to PG 19
Objection to PG 20
Objection to PG 21
Objection to PG 22
Objection to PG 23
Objection to PG 24
Objection to PG 25
Objection to PG 26
Objection to PG 27
Objection to PG 28
Objection to PG 29
Objection to PG 30
Objection to PG 32
Objection to PG 33
Objection to PG 34
Objection to PG 35

The (R&R) on these claims must be rejected and the claims against Defendants should go forward.

*Id.* at 3-5. Plaintiff's discussion of the grievance process is non-responsive to Judge Patti's report and recommendation. The objection will be overruled

Plaintiff also indicated that he has objections to pages 15-35 of the report and recommendation, as well as to Judge Patti's orders denying his motion to amend and granting Defendants' motions to strike. Plaintiff does not explain what these objections are.

## III.

Accordingly, it is **ORDERED** that Plaintiff's objections, ECF No. 94, are **OVERRULED**.

It is further **ORDERED** that Judge Patti's report and recommendation, ECF No. 91, is **ADOPTED**.

It is further **ORDERED** that Defendants' motions to dismiss, ECF Nos. 14, 48, 75, are **GRANTED**.

It is further **ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED** as follows: Plaintiff's Eighth Amendment claim is dismissed with prejudice, and Plaintiff's state law medical malpractice claim is dismissed without prejudice for lack of jurisdiction.

It is further **ORDERED** that leave to appeal in forma pauperis is **DENIED** pursuant to 28 U.S.C. 1915(a)(3) as an appeal cannot be taken in good faith.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 17, 2019

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Terrence Moore** #208380, LAKELAND CORRECTIONAL FACILITY, 141 FIRST STREET, COLDWATER, MI 49036 by first class U.S. mail on July 17, 2019.

s/Kelly Winslow
KELLY WINSLOW, Case Manager

---